is a record filed a motion with regards to the supervised release issue, the recent Mariana decision. You have the government's response. I'm assuming there's no questions on that. I'd like to dive into point two of our brief. This is the jury note issue. As the court is aware towards the end of the first day of deliberations, the jury submitted a note to the court requesting that if there are any other exhibits that link my client to three pieces of incriminating evidence, please provide. As was argued before, the court in responding by giving evidence that in fact linked my client to incriminating evidence, we believe encroached on the jury's domain as the sole trier of fact. The court even doubled down in this in providing testimony that was unrequested that was previously provided as a response to a previous note, and that was exhibit number 12. What do you think it should have done? The court needed to push back on the premise of the question itself. The court needed to say that I am the judge. I don't move the ball down the field for either team. Ask me another question. The court should not have provided evidence in response to that. Well, the court said that, right? It said you are the sole deciders of the facts. You are the judges of the facts. That's not up to me. It's not up to the attorneys. Whatever the attorneys may have said during the course of the trial or in their submission is not what controls. It's your view of the evidence and your determination of the facts after you've had enough time to consult with one another as to what the facts are and what the significance is that you should attach to those facts, and then you have to apply it to the law. As I give it to you, that was right. So if the jury is asking, well, what is the evidence that the government thinks, you know, linked the defendant to those, the name and the phone and whatnot, why is it improper for the judge to provide it to them so they could look at it? There's two problems with those instructions, Your Honor. First, the contradictory nature of what the court is saying. Remember, it's in the same breath that the court is actually handing this evidence that's linking my client that the court is saying you're the sole deciders of the facts. But that's putting a lot of weight on the word link there, isn't it? Could you, I'm sorry to interrupt, but I think there are two separate questions here. One is what the district court gave, and the other is what the district court said. With respect to what it gave, did the court give anything that the government had never in its summation or otherwise argued to the jury was information that made that link? No. No, I'm not suggesting it wasn't in evidence. Isn't it within the reasonable discretion of the judge to say, I see what the jury means. They want to see all the stuff that the government says links this defendant to that account. And then I give it to them, but I warn them that it's up to them to decide, in effect, whether it links anything to anything. Because these are the documents that the government said forges that link. And what they say doesn't bind you. That's not evidence. And anything I say doesn't bind you. It's up to you to decide what the import of these documents is. Two points there, Your Honor. Number one, the court had to make a factual determination in answering that. This is coming from the court. The court's putting its name on these particular pieces of evidence. I don't see why that's so. Why can't, I mean, the judge has considerable discretion in dealing with jury notes. Why can't the court interpret that as, I see what you're asking. The government got up and said a whole lot of things that go by very fast in summation about this and that. And the other thing, make this link. And the jury wants to see those things precisely so that they can decide whether what the government said is plausible or not or proves to make this proof beyond a reasonable doubt or not. And so I'm going to give it to them. That's what they want. They want to see what the government says is the key evidence on this point. Here's the things that the government argued. Go at it. There's another problem, and you had mentioned it at the beginning of your question there. Why are we putting so much weight on the word link? I want you to, I want the Court to remember here, this was a very complicated note. Court Exhibit 16 asked for about four different things. But this particular one, but this particular one says give us the evidence that links A to B. It could have said one of two things, to make that clearer. The jury could have said give us the evidence that the government thinks links A to B. Or it could have said, Judge, give us what you think links A to B. And you're saying that the latter is the only way that the judge could have interpreted that or should have interpreted that. That's what the jury apparently meant. And the judge, by complying with that request, made the endorsement that the jury asked the judge to make. That seems much less plausible to me as a reading of this than show us the things that the government says makes this link. The other problem here, though, Your Honor, is that the government had advised the Court not to use the word link in its response. And in doing that, the Court gave an instruction. You had mentioned before why — what's the big deal about the word link? Remember, and you agreed already, that this was a complicated note. Remember that the Court is responding to two notes. The second note, Exhibit 17, is asking for more evidence. And what the Court does is it wraps it up in a folder. It bundles them all together and says this is the stuff you want. Here it is. And then out of nowhere comes this comment about how you're the sole deciders of the facts. How could this jury possibly have known that this — Those are the things that link him to the conspiracy.  Did the judge use the word link? Excuse me. Did the judge use the word link? No, Your Honor. Well, then why are we thinking that the jury would interpret the response to their question as being an endorsement by the judge of the government's theories when the judge says, A, you're the finders of fact, not me, not the government, and B, what the government says in summation is just its arguments, and you have to decide the facts? Why would we think that the jury will take those instructions as meaning the judge told us that these things do objectively link A to B? Because the judge said that. It came from the — I just asked you, did the judge say anywhere, these are the documents that link A to B? Didn't say link. The Court did not use the word link. Right. But in providing the evidence in response to that question — But that's exactly the question. You're saying it implicitly says that there's a link. I mean, if the jury had said, could you provide us the exhibits that the government contends link the defendant to the cell phone and whatever, then there wouldn't be a problem, right? If the problem — If they were that specific. The problem is if the phrasing is if there are any other exhibits that link. Right. By turning over any exhibit whatsoever, the judge erred. But that doesn't answer the question. They have to respond to the note. The response is, no, I don't do that. I'm a judge. I'm not going to give evidence that links the defendant to anything. You're the finders of facts. Can I just point out just one thing? I mean, there are pieces that have a lot of complicated records, and juries might have to be pointed to evidence about a particular issue. You're saying that a judge always has to say, I refuse to help you, like, sort through the evidence? No. But all the court would be saying is ask a different question. I'm not going to link anything. You're not playing a game with the jury where the jury has to guess what the right way of getting what it wants is. I wouldn't think that would be playing games. It's saying to the jury, you're the finders of facts, and I'm not going to give you any evidence. I'm going to prove to you you're the finders of facts. The whole reason why they're asking for exhibits is that they're not convinced there is a link between the defendant and the cell phone and everything else. And so they want to look at the evidence that's relevant to that question. If they were persuaded there was a link, they wouldn't need to make that link. And they want the Court to steer them towards that evidence. And that's the problem that we have there. Why isn't the Court steering them rather than the Court is saying, if the Court didn't provide anything that the government hadn't already told the jury was something they were relying on to establish this connection, why would we think that the judge is sort of helping them sort that through? It's the government that helped to sort them through. That's the government's job. It made arguments that these particular records establish a certain point. The jury says, can you give us the stuff that is about establishing this point? And the Court has to make a determination to get there. The Court has to make a factual determination to answer that question. Well, the factual determination is these are the things that the government relied on. That's not what they asked. They said, is there anything that links? The Court needs to determine facts to answer that question. Only if you interpret the question a certain way. But anyway, I wanted to get to the second piece. You raised various issues about exactly what the judge said as opposed to what the judge gave to the jury. Was there any specific objection to the words the judge used or any submission of, well, if you're going to do this, we preserve our objection, you shouldn't do it at all. But here's what you should say to accompany what you're doing. It would mitigate the prejudice if the Court actually addressed the problem with the jury. Okay. And only mitigating. I don't think there's any words that can come out of that judge's mouth that can address the complete contradiction. So you're not saying there's an error in what the judge said. You're only saying that what was said is insufficient to mitigate the underlying error that the judge should not have provided these documents. That's a fair statement, Judge. And the insufficiency includes no pretext. So avoiding telling a jury that you're giving curative instructions to as to why you're giving curative instructions we think makes those instructions useless. No one on that jury could have possibly understood that the reason they were being told again that they are the sole deciders of the facts is because of the last line of the first of the two notes that they were getting evidence on is the word link. No one told the jury. But the jury could have, well, we can conclude that the jury must have thought that this is the judge's opinion that I'm getting. I think from this record, I believe that is the only reasonable view of the record. I also want to point out something else about what the judge gave. If you look at the second note, the judge's supplemental instructions stop around maybe 10, 20 or so in the morning on the second day of deliberations. In about 40 minutes, the jury issues another note. It's actually number 21. The court had been marking, I think correctly, its responses to the jury. So it's Exhibit 21. And the jury asked the question, is there a Sellbright report for February 20th, 2016? To remind you, that was the date of his feeding ticket, would connect my client to a car that was used by one of the drug dealers. If you look at the response that the court gave in its supplemental instructions, the court provided the testimony of Detective Acasio. And Acasio gets in in 20-A is the exhibit. This is part of the response. Gets into the, gets into the speeding ticket. The exact question that the jury was asking about in the next note. My point is that the court's response was the engine for the rest of their deliberations about linking my client to a car. The reason was because that's what the jury was interested in knowing, was what are the documents that are relevant to this issue? And the documents that are relevant to this issue are the ones the government said were relevant, or at least that's what the issue is. This is the government's contention. And it's up to you to decide whether that makes sense or not. They were already focused on those documents. They were already focused on that issue. And naturally, when they got the documents, they had further questions about them. I don't see where that gets you. Well, let me do one last thing here, Judge Stoick. The government cites, and I see them over the time. May I just address one last thing, Judge? The government cites to the Gentile decision, and I just want to just make sure we're clear on this. The jury in Gentile is asking about a specific piece of information that they know about in the evidence. It's a bribery case. It's talking about the golf lessons and the $1,000. The jury is under the misunderstanding that that was in one tape. It turns out it was spread out over several tapes. Clearly, the Court didn't abuse its discretion there. But our note asks for only exhibits. And I just want to point out to the Court that this jury understood the difference between testimony and exhibits. Over the course of three previous notes, they used the word testimony seven times. They chose not to use it here. We believe that's just an example of the Court exceeding its discretion here in giving testimony as opposed to just giving exhibits. The testimony was meant to explain the context of the exhibits, right? That's true, Judge. That's what he says.  He says, you know, some of the testimony in order to just explain what the exhibit is. So the response is tied to the exhibits. It's tied to it, Judge, but in light of all the other circumstances that we provided, we think it shows evidence of the Court going beyond what the jury was even asking. Now, the government wants to avoid the word linked to avoid extra prejudice, but you're saying it would have been better if the district court said, what, I disclaim the idea that these exhibits necessarily link the defendant? Yes. I don't link evidence. I'm a judge. I don't do that. And it's not sufficient for him to go on and on about how you're the judge of the facts and it's not up to me and so on. Totally confusing, something that they're not going to even understand it. This gets us back to the question. Did the defendant say, this is what I, if you're going to do this thing, which I understand you preserved the objection of doing it. If you do that, here's what you should say. Is this, this is what you need to do. You need to disavow the idea that you are linking anything in more explicit language than the language that you propose. No, what happened is that defense counsel had to change his position. He went from saying let's do it exhibit by exhibit to saying to the Court, just give them everything because he didn't want the Court's name on any particular piece of evidence. So the defendant did change his position in that regard. I don't blame him. I think he had to. He saw that it was going off the rails. All he could do was keep the judge's name off particular pieces of evidence. That was his reason for asking to give them all the evidence. But now you're saying there's something else that would have been better. No. I'm saying that's what defense counsel asked for below. The best thing to do here is to just say no to the jury. The second best would be to address, link, and explain why it's wrong. That would have at least mitigated giving them this evidence. Okay. And I'm well beyond my time. Thank you, Your Honor. Good morning. May it please the Court. My name is Amy Buson. I represent the United States on this appeal. To touch on some of the points that Your Honors were just raising, first as to what language, if any, did the defense counsel propose, I point the Court to A1769 through A1770, where there is discussion about how the Court is going to basically say that you're the finders of the fact, et cetera, et cetera. And Mr. Russo says, Judge, I just want to make sure I'm clear just what is the Court saying. That is, instead of piecing these out where, as the Court said, we're going to lump all this together and let them figure it out from this lumped response. The Court, exactly. Mr. Russo, okay, Judge. My objection stands, but okay. Thank you. That would be a place, I submit, that counsel could have raised other ways of phrasing the response or handling the response other than saying what counsel said, which is you should just send all the evidence back. And evidence also means transcripts. He says that. He says evidence at A1759. As to the Court's instruction itself to the jury, I think the Court was actually much more subtle in how she got into this, you are the judge of the evidence. It wasn't in relation to the link part of the note. So if the Your Honors will indulge me, if you look at A1772 through A1774, Judge Manassi, you were reading from portions of it, we start off by the Court saying, so you asked at the end of the day, you asked for a number of exhibits. We pulled all of that together, and it will be sent to you shortly. The next thing that the Court does is give an explanation that the parties agreed to as connection with Government Exhibit 506. There was some confusion of the BlackBerries that were recovered in this case. There were forensic analysis tried. Sometimes that worked, sometimes that didn't. So there would be a Selbright report. There would also be separate photographs of things that were on the SIM cards from the phone. And so one phone, Cereals BlackBerry, obviously a very important piece of evidence, had two separate exhibits, Government Exhibit 110A and Government Exhibit 506, that were both pieces of what was on that phone. But the jury wouldn't be able to understand that without the testimony of Officer Mercado, who did the forensic analysis and explained why these two pieces were really part of the same thing and what the two pieces corresponded to. So the Court then gives that explanation, also is giving over a piece of Mercado's testimony that explains that thing. And after she does that, she says, so very briefly, and again, it's always your recollection of any testimony that controls. And if you need to see or review the testimony, you can ask for it. But Mr. Mercado couldn't get into the phone, so he took the photographs. It goes on and on, giving that explanation again. So I just want to remind you, as I just said, I just briefly mentioned some of the testimony in order to just explain what the exhibit is. But it's your recollection of the testimony and of the evidence that was presented that controls. You are the sole deciders of the facts. You are the judges of the facts. That's not me. It's not up to the attorneys. Whatever they may have said during the course of the trial or the summation is not what controls. And then we continue with the part that Judge Menasche read earlier. So I would submit there the Court is doing everything it can to disavow that it's making any link. In fact, it's linking back to the government summation, and for good reason. The first part of the government summation, and the government used the PowerPoint as well, is why you know that the defendant is the user of the Allo Fouquet music blackberry. And so on each slide, it would be comparing different excerpts from the communications between Suriel and, to abbreviate, Fabian, and then something in the real world that would corroborate it. So, for example, I just got back from PA. There would be cell sites showing that his phone was pinging in near Stroudsburg, Pennsylvania. There were other exhibits to show that he had purchased a car, gotten a car repaired in Pennsylvania with Raphael Fabian's name and phone number on it. And they did that repeatedly. So it makes sense, as Your Honor, I think, was implying before, to only be the jury know to say, please give me what the government contends. That is a fair reason. Not asking what you, the Court, contends is the evidence of the link. They were just asking to verify what the government put before them. The government invited them to do that repeatedly. And at the end of their rebuttal summation, the government attorney actually said to the jury, because the defense summation was basically, they haven't met their burden and you can't trust the co-operators and the whole case relies on the co-operators. If that foundation falls, the case crumbles. And the government was saying, put aside the co-operator testimony and just focus on the Suriel, Fabian, blackberry communications. So I think, in light of all of that context, in light of the context that the Court responded to another note about the cell right on February 20, 2016, with the party's agreement to just say there is no cell right, not cell right, I'm sorry, cell site. There is no cell site for that particular day. To do anything other than what it did would have been misleading, would have been disavowing a link that the jury clearly was making on its own and wanted to verify. And I submit it did the best it did. It wasn't given other instructions, proposed instructions, other than send all the evidence back. And frankly, the Court, in its discretion in managing the trial, could decide that doing that would mean all the transcripts too and that obviously would take a lot of time to do the redactions necessary. And this jury was issuing notes fast and furiously. They clearly were very engaged in the case and trying to review all of the evidence. So under that record and the discretion it's given, to fairly, to actually even provide additional testimony beyond what's asked in the McCarthy case cited in the Gentile decision, that's what it's talking about. There the Court read back more of a witness's testimony. Even after the jury foreperson said stop, the Court kept going because that Court felt, you know, it was necessary for fairness and completeness. So given that degree of discretion and the facts that I've laid out, I respectfully submit if there are no more questions on this topic or any other, that the Court affirm the judgment. We agree with the defense on the limited Majorana remand because some of the standard conditions were not orally pronounced at that time. We'll hear about it. Thank you, Ernest. There was, just to be clear, the comments made by defense counsel in saying send all the testimony back, there was never a concession to any of these procedures. And I would ask the Court to consider 1768. Oh, I think that's clear, right? I mean, the defense counsel was not agreeing. It said explicitly. To anything. I'm not giving up my argument that you shouldn't do this at all. The send it all or agreeing to the sending it all was agreeing to a mitigating procedure not to waive an objection to sending any of these documents in. And that includes the distinction, of course, between exhibits and testimony, which I know is encompassed in what you just said, Judge. But the government's position that the Court did its best to disavow, and I don't mean to misquote, but to disavow any link, the way to do that is to disavow any link, to say that to the jury, I don't link evidence. I know you have my argument on this, but it's not as if the Court was compelled to give evidence over here. The Court has discretion, as we're all saying. The Court had discretion to say no here. The Court does say no link evidence. It says you're the judges of the facts. That's not up to me. We don't usually require judges to use magic words like walk. We usually presume that juries understand instructions. So you are the judges of the facts. That's not up to me. Does mean I don't link evidence, right? But the other problem, of course, Judge, is the jury would have no idea that the Court was talking about the word link. I know we've gone in round circles about this, but they could be 12 law professors on that jury. They would have no idea that these instructions were given because of the last line of the first note of the two notes that they were getting instructions on. I don't know why you're saying that they would have no idea. So if I'm a juror and I have in my mind the notion, I'm not sure that they would have this, but assuming they have in their mind the notion that the judge is telling them these exhibits provide a link, if the judge then says to them, I'm not the judge of the facts, it's only up to you, why wouldn't that dispel that notion I have in my head? Two reasons. We have a very complicated note in Court Exhibit 16. There's a lot going on. They're asking about logistics, about how to deal with Exhibit 506. They're asking for some evidence to be brought back. They're asking for another exhibit, No. 407. And then there's a second note again. They ask for two more pieces of evidence. There was a lot going on that the jury was asking for. If you want to give curative instructions, tell them what it is you're curating. I mean, that's our point about the clarity part. Beyond that, thank you very much. Thank you both, and we will take the matter under advisement.